DA 10-0500

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 191N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

KEVIN ARCEL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead,
Cause Nos. DC-09-348(C), DC-09-412(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Garrett R. Norcott,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  April 26, 2011

Decided:  August 9, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kevin Arcel pled guilty to felony stalking in the District Court of the Eleventh Judicial District, Flathead County. He appeals from his sentence. We affirm.

¶3      On, July 28, 2009, Arcel was charged with assault with a weapon, § 45-5-213, MCA, and stalking, § 45-5-220(1)(b), MCA. On April 26, 2010, Arcel signed a plea agreement with the State, agreeing to a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). The prosecutor agreed to recommend a sentence contingent upon the recommendation by the Montana State Hospital (MSH):

> For the offense of stalking, the State agrees to follow the recommendation of the Montana State Hospital ("MSH"). If the MSH recommends community placement, the State agrees to recommend a 5 year deferred imposition of sentence. In that case, Defendant will be on supervision with the Department of Corrections, Adult Probation and Parole.

¶4      After Arcel was evaluated, the MSH recommended:

> At this time, there does not appear to be a justification for psychiatric hospitalization. Based on his history, Mr. Arcel will need *close supervision* in the community with clear restrictions on not contacting the victim or using alcohol or street drugs. In view of his severe substance abuse history and his apparent homelessness, *initial placement in a pre-release center* may assist Mr. Arcel in *gradually transitioning* to safe and independent functioning in the community.

. . .

> It is recommended that Mr. Arcel receive . . . *inpatient or outpatient chemical dependency treatment*, i.e., Connections Corrections.

(Emphasis added.)

¶5 At sentencing, the prosecutor recommended that Arcel be committed to the custody of the Department of Corrections (DOC) for five years. She further recommended Arcel receive inpatient or outpatient treatment, followed by commitment to a pre-release center. The District Court sentenced Arcel to five years, with all five suspended, and committed him to supervision by the DOC. On appeal, Arcel asserts that the prosecutor's recommendation breached the plea agreement by recommending commitment to the DOC, rather than a deferred sentence.

¶6 A plea agreement between the State and a criminal defendant is subject to contract law standards. *State v. McDowell*, 2011 MT 75, ¶ 14, 360 Mont. 83, 253 P.3d 812. Failure by the MSH to recommend placement in the community was an unfulfilled condition precedent. Section 28-1-403, MCA; *Mill Creek Ltd. Partnership v. Lodge*, 2010 MT 65, ¶ 29, 355 Mont. 478, 228 P.3d 1144. Under the explicit terms of the plea agreement, the prosecutor was only obligated to recommend Arcel receive a five-year deferred sentence "[i]f the MSH recommend[ed] community placement." The MSH's recommendation was ambiguous, consisting of a number of suggestions, including a pre-release center, which is a secure facility. It was not a recommendation for community placement. Moreover, at sentencing, Arcel's counsel acknowledged that the MSH had not recommended community placement and actively sought to refute the MSH's

3

"recommendation . . . for pre-release." Finally, in the absence of a recommendation for community placement by the MSH, the prosecutor was permitted to recommend a five-year commitment to the DOC. *See State v. Manywhitehorses*, 2010 MT 225, ¶ 15, 358 Mont. 46, 243 P.3d 412.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Arcel has failed to establish that the State breached the plea agreement.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE

4